ON APPLICATION FOR REHEARING
ADAMS, Justice.
The order of May 29, 1992, overruling the application for rehearing is set aside. The opinion of October 25, 1991, is withdrawn and the following is substituted therefor.
James E. Mulvaney appeals from a summary judgment in favor of Secor Bank in the amount of $1,039,710.69[1] and in favor of Secor Bank on his counterclaim alleging fraud.
On November 7, 1987, James E. Mulva-ney and David F. Byers, Sr., partners in Cahaba Commerce Park, negotiated a loan on behalf of the partnership with Secor *1162 Bank in the amount of $765,000 in order to finance a real estate project. The principal amount of the loan was to come due on May 3, 1988. On June 3, 1988, the loan was in default and Secor Bank sued to collect the principal and interest. Byers and Cahaba Commerce Park were dismissed (Cahaba Commerce Park having filed for bankruptcy), leaving Mulvaney as the sole defendant. He thereafter filed a counterclaim against Secor Bank, claiming that the partnership had been fraudulently induced into signing the note evidencing the loan.
The evidence is undisputed that the note was signed by Mulvaney and Byers on behalf of the partnership and that the men signed personal guarantees. Mulvaney admits that he understood the documents that he signed; however, he contends, as part of his fraudulent inducement claim, that the bank assured the partnership that it would continue to renew the note in order that the land could be developed. Mulvaney asserts that that was the only reason the partnership decided to borrow the money from Secor Bank. However, when the principal and interest on the note came due in May 1988, no request was made for renewal; thus, Secor filed suit.
With regard to Mulvaney’s counterclaim alleging fraudulent inducement, any promise allegedly made by the bank to renew the note would have been a promise to do something in the future.
“In order for one to succeed on a fraud claim, he must establish that a false representation of a material existing fact was made, that he detrimentally relied upon it, and that he was damaged as a proximate result. Earnest v. Pritchett-Moore, Inc., 401 So.2d 752 (Ala.1981). If the fraud claim is based upon a promise to perform a future act, the party must also prove that the promisor, at the time of the alleged misrepresentation, did not intend to do the act promised and had an intent to deceive. Clanton v. Bains Oil Co., 417 So.2d 149 (Ala.1982).
“... This is clearly a promise to do an act in the future; to base a fraud claim on that promise, Benedot had to prove that Benetton, when it made the agreement, did not intend to comply with its terms. Also, Benedot had to prove that, at the time that promise was made, Benetton had an intent to deceive. The record is devoid of any such evidence. The evidence would support, at most, a finding that the promise was recklessly made, and, as we held in Kennedy Electric Co. v. Moore-Handley, Inc., 437 So.2d 76 (Ala.1983), a reckless misrepresentation cannot support a fraud action where that misrepresentation relates to a future act. Furthermore, the failure to perform a promised act is not in itself evidence that the defendant, at the time the promise was made, intended to deceive. Russellville Production Credit Ass’n v. Frost, 484 So.2d 1084 (Ala.1986).”
Benetton Services Corp. v. Benedot, Inc., 551 So.2d 295, 298 (Ala.1989). There is simply no evidence in the record to indicate that, at the time any alleged representations were made to the partnership, the bank did not intend to renew the note. In fact, the bank had on several occasions refinanced notes for Byers before Mulva-ney and Byers entered into their partnership. In addition, Secor Bank was never approached regarding renewal of the note in question, nor were any interest payments made at the time the note became due. Mulvaney simply assumes that because the bank filed suit, it would not have negotiated with the partnership if it had been contacted prior to or on the due date of the note.
Because we find that Mulvaney’s fraudulent inducement claim is without merit, we are compelled to hold that the trial court did not err in entering the summary judgment for Secor Bank. The due date of the note had passed when the bank filed the suit, and the note had been indisputably signed by Mulvaney as a general partner of Cahaba and as guarantor.
Secor Bank contends that it is entitled to an additional attorney fee because of this appeal. We agree that Secor Bank is entitled to a reasonable attorney fee for work done by the bank’s lawyers in defending *1163 the judgment on appeal, as well as for their work on application for rehearing. Therefore, we remand for the trial court to determine and award a reasonable attorney fee.
ORDER SET ASIDE; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED; REMANDED FOR AWARD OF ATTORNEY FEE; APPLICATION OVERRULED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.

. Of the judgment amount, $765,000 is for the principal on a loan. The remainder of the judgment amount constitutes interest and attorney fees pursuant to the loan agreement.